IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK L. WILLIAMS, #282636, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-418-WHA |
| | ) | [WO] |
| | ) | |
| JOHN LEY, CLERK OF THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Derrick L. Williams, a state inmate, challenges the constitutionality of actions taken against him by employees of the United States Court of Appeals for the Eleventh Circuit. Upon review of the complaint, the court concludes this case should be transferred to the United States District Court for the Northern District of Georgia in accordance with the directives of 28 U.S.C. § 1404.[1]

**DISCUSSION**

A 42 U.S.C. § 1983 civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or

---

[1] The plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. No. 2). However, under the circumstances of this case, the court concludes assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Georgia.

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The actions about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Georgia. In addition, the named defendants reside in the Northern District of Georgia. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Georgia.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Georgia for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Georgia pursuant to the provisions of 28 U.S.C. § 1404. It is further

---

[2] In transferring this case, the court makes no determination with respect to the merits of the plaintiff's claims for relief.

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before May 29, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE